RENATA ORTIZ BLOOM (SBN: 254377)
rbloom@grsm.com
TIMOTHY K. BRANSON (SBN: 187242)
tbranson@grsm.com
**GORDON REES SCULLY MANSUKHANI, LLP**
101 W. Broadway, Suite 2000
San Diego, CA 92101
Telephone: (619) 696-6700
Facsimile:  (619) 696-7124

Attorneys for Defendant,
DEXCOM, INC.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TAYLOR DALORA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DEXCOM, INC.,<br><br>Defendant. | Case No. 3:25-cv-03210-BJC-BLM<br><br>**JOINT MOTION AND STIPULATION TO STAY DEFENDANT DEXCOM, INC.'S DEADLINE TO RESPOND TO COMPLAINTS IN RELATED ACTIONS** |

There are four overlapping class actions pending in this Court against Dexcom, Inc. ("Dexcom"), related to Plaintiffs' (and proposed class members') alleged purchase and use of the Dexcom G6 and G7 Continuous Glucose Monitoring Systems:[1]

1. *Levens, et al. v. Dexcom, Inc.*, No. 3:25-cv-02565-BJC-BLM (filed Sept. 29, 2025);
2. *Estravit v. Dexcom, Inc.*, No. 3:25-cv-02845-BJC-BLM (filed Oct. 22, 2025);
3. *Dalora v. Dexcom, Inc.*, No. 3:25-cv-03210-BJC-BLM (filed Nov. 18, 2025); and

---

[1] Plaintiffs in these actions and Dexcom are collectively referred to as the "Parties."

4. *Grisoli, et al. v. Dexcom, Inc.*, No. 3:25-cv-03488-BJC-BLM (filed Oct. 15, 2025).[2]

All four actions have been deemed related by the Clerk and reassigned to the Honorable Judge Benjamin J. Cheeks pursuant to the Low-Number Rule. (*See Estravit*, ECF No. 6; *Dalora*, ECF No. 7; *Grisoli*, ECF No. 34.)[3] Plaintiffs in the *Levens* and *Grisoli* actions have amended their complaints since their initial filing (*see Levens*, ECF No. 7; *Grisoli*, ECF No. 20); Plaintiffs in *Estravit* and *Dalora* have not (*Estravit*, ECF No. 1; *Dalora*, ECF No. 1). Dexcom has not yet responded to any of the original or amended complaints filed in the Related Actions.

To streamline these proceedings and in the interests of justice and judicial economy, counsel for Dexcom and Plaintiffs have held a series of meet and confer conferences. Based on those conferences, the Parties agree that the Related Actions should be consolidated. On December 30, 2025, before relation and before Judge Huie (who did not have the lower-numbered case), Plaintiffs in *Grisoli* filed a motion to consolidate the Related Actions and to appoint interim class counsel. (*Grisoli*, ECF No. 33.) On January 5, 2026, once all the cases were related and before this Court as required by Fed. R. Civ. P. 42(a), Plaintiffs in *Levens*, *Estravit*, and *Dalora* filed a motion to consolidate and to set a briefing schedule on competing motions to appoint interim class counsel and the filing of a consolidated complaint. (*Levens*, ECF No. 12.) Dexcom takes no position in any of the Related Actions regarding a briefing schedule on competing motions to appoint interim class counsel or the

---

[2] The *Grisoli* action originally was filed in the U.S. District Court for the Central District of California and subsequently transferred to this Court and assigned to Judge Huie. (*Grisoli*, ECF No. 30.)

[3] The *Levens*, *Estravit*, *Dalora*, and *Grisoli* actions are referred to in this Joint Motion as the "Related Actions." Because the Related Actions have not yet been consolidated, the Parties are filing separate, but nearly-identical, Joint Motions and Stipulations to stay Dexcom's deadlines to respond to the current complaint in each of the Related Actions.

1  Court's appointment of interim class counsel, except that Dexcom reserves without
2  waiver its rights, interests, and defenses to class certification and related matters.
3  Dexcom does not oppose consolidation of the Related Actions.

4  If the Related Cases are consolidated and interim class counsel appointed,
5  Dexcom understands Plaintiffs intend to file a consolidated complaint, which would
6  serve as the operative pleading in any consolidated action. Dexcom would not
7  oppose the filing of a consolidated complaint, however, Dexcom submits the Parties
8  should further meet and confer to develop and propose, for the Court's approval, a
9  schedule for Dexcom's response to a consolidated complaint.[4]

10  As the Parties and the Court work through these preliminary procedural
11  matters, and to conserve judicial and party resources, the Parties stipulate and agree
12  that the Court should temporarily stay Dexcom's deadline to answer, move, or
13  otherwise respond to the complaint in each of the individual Related Actions,
14  pending further order of the Court. The deadline for Dexcom to respond to the
15  complaints in the *Levens*, *Estravit*, and *Grisoli* actions currently is January 13, 2026;
16  its deadline to respond to the complaint in *Dalora* is January 23, 2026. This is
17  Dexcom's second request to extend its deadline to respond to the amended
18  complaints in *Levens* and *Grisoli*, Dexcom's second request to extend its deadline to
19  respond to the complaint in *Estravit*, and Dexcom's first request to extend its
20  deadline to respond to the complaint in *Dalora*.

21  There is good cause for the requested temporary stay. As set forth above, if

---

[4] The *Levens*, *Estravit*, and *Dalora* Plaintiffs proposed that Dexcom respond to a consolidated complaint within 30 days of its filing. While Dexcom agrees there should be an orderly schedule for its response to any consolidated complaint, that schedule, and the time necessary for Dexcom to prepare an adequate response, will be dictated by a consolidated complaint (including whether there are new claims or named plaintiffs added) that Dexcom has not yet seen and should be the subject of additional meet and confer conferences between Dexcom and the appointed interim lead counsel.

1   the Court consolidates the Related Actions and appoints interim class counsel,
2   Plaintiffs intend to file a consolidated complaint, which would moot any earlier
3   response that Dexcom may file in any one of the Related Actions. The Parties agree
4   that proceeding on a preliminary and piecemeal, case-by-case basis would
5   unnecessarily consume judicial resources and subject Dexcom to prejudice by
6   requiring it to defend multiple, overlapping claims, even while the Parties agree that
7   the current complaints in the individual Related Actions will be superseded (and
8   Dexcom's responses thereby mooted) if the Court consolidates the Related Actions.
9   A temporary stay of Dexcom's deadline to respond to the present complaints in the
10  Related Actions would serve the interest of efficient case administration and
11  conserve party and judicial resources by affording the Court time to rule on the
12  pending motions to consolidate and anticipated briefing on competing motions to
13  appoint interim class counsel, before Dexcom is required to respond, on an interim
14  and preliminary basis, to any of the complaints in the Related Actions.

15      A temporary stay thus would streamline preliminary procedural matters.
16  Dexcom's deadline to respond to the complaints in the Related Actions should await
17  determination of the operative complaint, a process that will be dictated by
18  consolidation, appointment of interim lead counsel, and the prospective filing of a
19  consolidated amended complaint, which will supersede the individual complaints in
20  the Related Actions. Given this agreed outline to efficiently move these cases
21  forward, the interests of justice will best be served by staying Dexcom's obligation
22  to respond to the current pleadings in the individual Related Actions until such time
23  as Plaintiffs file a consolidated complaint or the Court otherwise designates the
24  operative complaint for coordinated or consolidated proceedings.

25      By entering into this Joint Motion and Stipulation, the Parties do not waive
26  and expressly preserve all claims and defenses that could be raised in this action and
27  in the Related Actions.

28

**IT IS SO STIPULATED.**

Dated: January 9, 2026

CASEY GERRY FRANCAVILLA BLATT LLP

By: *s/ David S. Casey, Jr.*
David S. Casey, Jr.
Gayle M. Blatt
P. Camille Guerra
Email:  dcasey@cglaw.com
gmb@cglaw.com
camille@cglaw.com

LITE DEPALMA GREENBERG & AFANADOR, LLC

Joseph J. DePalma (*pro hac vice* forthcoming)
Catherine B. Derenze (*pro hac vice*)
Email:  jdepalma@litedepalma.com
cderenze@litedepalma.com

HAUSFELD LLP

James J. Pizzirusso (*pro hac vice* forthcoming)
Timothy S. Kearns (*pro hac vice* forthcoming)
John Thompson (*pro hac vice* forthcoming)
Steven M. Nathan
Email:  jpizzirusso@hausfeld.com
tkearns@hausfeld.com
jthompson@hausfeld.com
snathan@hausfeld.com

Attorneys for Plaintiff
Taylor Dalora and Proposed Classes

Dated: January 9, 2026

GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Renata Ortiz Bloom*
Renata Ortiz Bloom
Timothy K. Branson
Email: rbloom@grsm.com
tbranson@grsm.com

Attorneys for Defendant
Dexcom, Inc.

-5-

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to David S. Casey, Jr., and that I have obtained authorization to affix Mr. Casey's electronic signature to this document.

Dated:  January 9, 2026          GORDON REES SCULLY MANSUKHANI, LLP

By: *s/ Renata Ortiz Bloom*
Renata Ortiz Bloom

Attorney for Defendant
Dexcom, Inc.
Email: rbloom@grsm.com